﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200330-74944
DATE: January 29, 2021

ORDER

An initial compensable rating for irritable bowel syndrome (IBS) is denied.

An initial compensable rating for bilateral hearing loss is denied.

REMAND

Entitlement to service connection for right ankle disability, to include lateral collateral ligament sprain, is remanded.

FINDINGS OF FACT

1. For the period on appeal, the Veteran’s IBS was not more nearly manifested by moderate irritable colon syndrome with frequent episodes of bowel disturbance with abdominal distress.

2. For the period on appeal, the Veteran’s bilateral hearing has been manifested by hearing acuity of no worse than Level I in the right ear and no worse than Level IV in the left ear.

CONCLUSIONS OF LAW

1. The criteria for an initial compensable rating for IBS are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.114, Diagnostic Code 7319.

2. The criteria for a compensable rating for bilateral hearing loss are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.85, 4.86, Diagnostic Code 6100.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1996 to September 2000.

The rating decisions on appeal were issued in June 2019, July 2019, and October 2019 and constitute initial decisions; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In March 2020, the Board of Veterans’ Appeals received VA Form 10182, Decision Review Request: Board Appeal, wherein the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decisions on appeal. 38 C.F.R. § 20.301.

With regard to right ankle disability, the AOJ made the following favorable findings: (1) The Veteran has been diagnosed with a disability; and (2) recent VA examination shows a diagnosis of right ankle lateral collateral ligament sprain.

On VA Form 10182, the Veteran asserted that an increased rating for bilateral hearing loss was warranted because her bilateral hearing loss disability had worsened. As the June 2019 rating decision granted service connection for bilateral hearing loss and the report of worsening relates to an evidentiary period after the Veteran was notified of the AMA rating decision, the Board construes the VA Form 10182 as disagreement with the grant of an initial noncompensable rating for bilateral hearing loss.

To the extent the Veteran believes that her bilateral hearing loss has worsened, she is advised that once provided with a Board decision, the Veteran may file a supplemental claim within one year, with additional evidence showing that the disability had worsened and preserve the effective date for any award of benefits based on the new evidence.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. An initial compensable rating for irritable bowel syndrome (IBS)

The Veteran seeks a rating of at least 20 percent for service-connected IBS. See VA Form 10182 (March 2020).

A July 2019 rating decision granted service connection for IBS and assigned a noncompensable rating from April 23, 2019, under 38 C.F.R. § 4.114, Diagnostic Code 7319. This appeal arises from her disagreement with the initial rating assigned.

The Board concludes that the preponderance of the evidence is against finding that a compensable rating is warranted at any time during the appeal period. 38 C.F.R. § 4.114, Diagnostic Code 7319.

Disorders of the digestive system are rated under 38 C.F.R. § 4.114, Diagnostic Codes 7200 through 7354. The Veteran’s IBS is evaluated under 38 C.F.R. § 4.114, Diagnostic Code 7319 (irritable colon syndrome). Under Diagnostic Code 7319, a noncompensable rating is warranted for mild symptoms of IBS with disturbances of bowel function with occasional episodes of abdominal distress; a 10 percent rating is warranted for moderate symptoms of IBS with frequent episodes of bowel disturbance with abdominal distress; and a 30 percent rating is warranted for severe symptoms of IBS with diarrhea or, alternating diarrhea and constipation with more or less constant abdominal distress. 38 C.F.R. § 4.114. A 30 percent disability rating is the maximum rating allowable under Diagnostic Code 7319.

VA treatment records reflect complaints of abdominal pain in the left upper quadrant with some nausea and vomiting beginning March 2008. See CAPRI (May 2019). Private treatment records are not in evidence for the period on appeal, and the Veteran’s lay statements and VA treatment records do not tend to show that those records exist.

VA examination report, dated in May 2019, reflects a diagnosis of IBS. See C&P Exam (May 2019). The Veteran reported mild diarrhea and, more often, constipation with gas and, occasionally, spitting up the prior night’s food. The Veteran reported no episodes of bowel disturbance with abdominal distress, or exacerbations or attacks of the intestinal condition. She took no medication at the time for her condition. The examiner found that the signs and symptoms of the Veteran’s IBS include alternating diarrhea and constipation, vomiting, and gas. No other pertinent physical finding, complication, condition, or sign, such as weight loss or malnutrition, attributable to IBS was noted on examination.

The Veteran is competent to report that her symptoms, to include that her disability is worse than presently evaluated. However, during the appeal period, neither the lay nor medical evidence more nearly reflects the criteria for a compensable rating. 

Thus, based on this evidence, the Board finds that the symptoms of the Veteran’s IBS are more nearly manifested by mild symptoms of IBS with disturbances of bowel function with occasional episodes of abdominal distress. Therefore, a compensable rating for IBS during the period on appeal is not warranted. 38 C.F.R. § 4.114, Diagnostic Code 7319.

Accordingly, the claim is denied. There is no doubt to resolve. 38 U.S.C. § 5107(b).

2. An initial compensable rating for bilateral hearing loss

The Veteran contends that she is entitled to a higher rating for bilateral hearing loss. See VA Form 10182 (March 2020). 

Evaluations of defective hearing range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of a controlled Maryland CNC speech discrimination test together with the average hearing threshold level measured by pure tone audiometry tests in the frequencies of 1000, 2000, 3000, and 4000 cycles per second (Hertz). 38 C.F.R. § 4.85, Diagnostic Code 6100.

To evaluate the degree of disability from bilateral service-connected hearing loss, the schedule establishes 11 auditory hearing acuity levels designated from Level I for essentially normal hearing acuity through Level XI for profound deafness. 38 C.F.R. § 4.85, Tables VI and VII. 

An exceptional pattern of hearing impairment occurs when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more. 38 C.F.R. § 4.86(a). In that situation, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Further, when the average pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral, and that numeral will then be elevated to the next higher numeral. 38 C.F.R. § 4.86(b).

A May 2019 VA examination reveals that the Veteran reported difficulty hearing on the phone and when people speak softly. 38 C.F.R. § 4.10; Martinak v. Nicholson, 21 Vet. App. 447 (2007). The Veteran’s Maryland CNC Word List speech recognition score and pure tone thresholds, in decibels, were as follows:

05/23/2019 HERTZ

 1000 2000 3000 4000 Avg CNC

RIGHT 50 50 50 55 51 100%

LEFT 60 60 60 60 60 100%

Applying the results to Table VI, the findings yield a numeric designation of Level I in the right ear and Level II in the left ear. Entering the resulting bilateral numeric designation of Level I for the right ear and Level II for the left ear to 38 C.F.R. § 4.85, Table VII, equates to a noncompensable disability rating under Diagnostic Code 6100. An exceptional pattern of hearing impairment under 38 C.F.R. § 4.86 was shown in the left ear. Applying the results to Table VIa yields Level IV in the left ear. Entering the resulting bilateral numeric designation of Level I for the right ear and Level IV for the left ear to 38 C.F.R. § 4.85, Table VII, equates to a noncompensable disability rating under Diagnostic Code 6100. Here, the ratings are equivalent.

Based on the evidence above, a compensable rating for the Veteran’s bilateral hearing loss is not warranted.

The Board expressly acknowledges its consideration of the lay evidence of record when adjudicating this claim, including difficulty hearing on the phone and when people speak softly. The Veteran is competent to report difficulty with her hearing; however, disability ratings for hearing loss are derived from a mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenmann v. Principi, 3 Vet. App. 345 (1992).

The rating criteria contemplate speech reception thresholds and ability to hear spoken words on Maryland CNC testing. The functional impact that the Veteran describes, is contemplated by the rating criteria. Doucette v. Shulkin, 28 Vet. App. 366 (2017). The Veteran’s main complaint is reduced hearing acuity and clarity, which is what is contemplated in the rating assigned. See Rossy v. Shulkin, 29 Vet. App. 142, 145 (2017).

Accordingly, the preponderance of the most probative evidence is against the claim of entitlement to a compensable rating for hearing loss. In reaching the conclusion above, the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

REASONS FOR REMAND

In remanding this matter, the Board makes no finding, implicit or otherwise, as to the credibility of the Veteran’s assertions. Neither the Veteran’s credibility nor any lack thereof should be presumed in this remand.

Entitlement to service connection for right ankle disability, to include lateral collateral ligament sprain, is remanded.

The issue of entitlement to service connection for right ankle disability is remanded to correct a duty to assist error that occurred prior to the October 2019 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a September 2019 VA medical opinion (VAMO) prior to the October 2019 rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s current right ankle disability had its onset in service or is otherwise related to service.

The September 2019 VAMO’s negative conclusion was predicated on the absence of documented findings in service to include on imaging apart from the April 1997 documented right ankle pain complaints. An adequate medical opinion may not rely solely on the absence of in-service documented complaints or findings. See Dalton v. Nicholson, 21 Vet. App. 23, 39-40 (2007). Further, it is does not reflect any meaningful discussion of the Veteran’s report of chronic ankle pain and ankle buckling since her in-service right ankle injury. See McKinney v. McDonald, 28 Vet. App. 15, 30-31 (2016) (“the VA examiner's failure to consider [a veteran's] testimony when formulating her opinion renders that opinion inadequate.”). Further, the opinion relied on the absence of abnormal findings on imaging of the ankle, but does explain how the absence of such findings supports the negative conclusion, particularly in the context of soft tissue abnormality which would not be revealed by x-ray study.

The matters are REMANDED for the following action:

Obtain a medical opinion from an appropriate clinician to determine the nature and etiology of any right ankle disability. The opinion should identify and explain the relevance or significance, as appropriate, of any history, clinical findings, medical knowledge or literature, etc., relied upon in reaching the conclusion(s). Detail the Veteran’s reported symptoms in service and thereafter, including the nature, onset, progression and severity of the reported symptoms; if there is any medical reason to accept or reject the proposition that the Veteran’s reported symptoms in service and thereafter represented the onset of her current disability, this should be noted.

The examiner must opine on: Whether any right ankle disability is at least as likely as not related to an in-service injury, event, or disease, to include documented in-service complaints of right ankle pain after injury during airborne school.. Explain. Consider the Veteran’s report of chronic ankle pain and ankle buckling since her in-service right ankle injury along with the documented in-service complaints and findings.

 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C.E., Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.